**KOURY v. ELASTIC STOP NUT CORPORATION OF AMERICA (INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, C. I.O., LOCAL NO. 726, Intervener).**

No. 9272.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 7, 1947.

Decided May 20, 1947.

McLAUGHLIN, Circuit Judge, dissenting.

Abraham L. Friedman, of Newark, N. J. (Rothbard, Harris & Oxfeld, Samuel L. Rothbard, and Emil Oxfeld, all of Newark, N.J., on the brief), for appellant.

Edw. V. Ryan, Asst. U. S. Atty., of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for petitioner-appellee.

Hamilton Hicks, of New York City, and Whittemore, Porter & Pollis, of Elizabeth, N. J. (Phidias L. Pollis, of Elizabeth, N. J., and Frederic P. Weller, of New York City, on the brief), for respondent.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This case presents a problem similar to the case of Gauweiler v. Elastic Stop Nut Corporation of America, 3 Cir., 162 F.2d 448 decided this day.

The petitioner, Koury, was first employed by the respondent corporation on May 26, 1941. On November 6, 1941 the respondent and the then bargaining representative, an independent local union, entered into a collective bargaining agreement. This agreement had a lay-off provision providing that in case of lay-off the officers of the company and union should determine the persons to be laid off. On August 3, 1943, petitioner was inducted into the army. While he was in military service the respondent and the independent local union, which later became affiliated with the CIO, entered into another collective bargaining agreement on June 19, 1944. This contract contained a seniority provision giving union officials, during their terms of office, "preferred plant-wide seniority."

Petitioner was honorably discharged February 15, 1946 and reentered employment of respondent on February 25, 1946. He did not, however, resume his former civilian position, which was that of Bodine machine operator. Subsequently he was temporarily laid off and later put to work as power press operator. Following his reemployment by respondent, petitioner voluntarily joined the CIO, which is the intervenor union. Subsequent to his joining the union, the respondent and the union entered into a new collective bargaining agreement which contained seniority provisions similar to the 1944 contract.

This petitioner was not discharged or laid off. His complaint is that he was not restored to his former position, or a position of like seniority, status, and pay. He seeks, first, to be restored to his position as Bodine machine operator and, second, to recover the difference between what he would have earned as such operator and what he did earn in the positions to which the company assigned him. This was granted to him by the District Court.

On the main question in the case our decision in the Gauweiler litigation furnishes the rule to be applied. In some respects the rule there announced applies a fortiori in this instance. The petitioner voluntarily joined the CIO union after his return to respondent's employ, and the new contract was entered into between union and company subsequent to petitioner's union membership. We do not rely, however, upon these facts as dispositive of the case. Petitioner brought his action six days after the new contract was consummated and the matters of which he complained occurred, for the most part, during the 1944 contract, and before he joined the union.

We think the learned District Judge was incorrect when he entered judgment for petitioner. That the returning veteran does not have super seniority is settled by the decision of the Supreme Court in Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110. Our conclusion in the Gauweiler case is to the effect that the veteran does not have seniority over a union official if the labor agreement provides otherwise. That conclusion applies here. Therefore, petitioner is not entitled to seniority over the Bodine machine operator who was a union officer.

Whether there were other employees in the Bodine Department with greater seniority rights than the petitioner we

546

do not know. If there were such employees, we do not know whether they were veterans or not. The trial court excluded testimony along this line on the theory that it was irrelevant. With that we cannot agree in the view we take of the case.

■ The judgment must, therefore, be reversed. Petitioner has no super seniority as a veteran; he comes back into the plant subject to the terms of the intermediate bargaining agreement under our decision in the Gauweiler case. Whether he has seniority over other employees in a particular department can only be determined by further development of the facts. As in the Gauweiler case, the view we take of the veteran's position under labor contracts makes it unnecessary to consider certain other points brought out as grounds for reversal by the intervening union.

The judgment is reversed and the case remanded to the District Court for further proceedings not inconsistent with this opinion.

McLAUGHLIN, Circuit Judge (dissenting).

The substantial question involved in this appeal and the only one passed upon in the majority opinion is the same as in the Gauweiler case.[1] The "super seniority" referred to by the majority in connection with this veteran is not, as I see it, the super seniority condemned in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110, but is the "extraordinary statutory security" given the veteran by Section 8 of the Selective Service Act of 1940, 54 Stat. 890, as amended, 50 U.S.C.A. Appendix, § 308. Trailmobile Co. v. Whirls, 67 S.Ct. 991. I dissent from the majority view in this matter for the reasons expressed in my dissent in Gauweiler v. Elastic Stop Nut Corporation of America, 162 F.2d 448.

———◆———

---

[1] An arbitration agreement between union seniority nonveterans and the employer is in evidence in this case. As in the Gauweiler litigation, this petitioner-veteran was not a party to that agreement, indeed, was still in military service at the time it was entered into. Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, 149 A.L.R. 271, cited to support the binding effect of the arbitration on Koury is not in point. There the arbitration was pressed by a party to the contract against a party to the contract.