### AERONAUTICAL INDUSTRIAL DIST. LODGE 727 v. CAMPBELL et al.

#### No. 11750.

Circuit Court of Appeals.

Ninth Circuit.

July 26, 1948.

Writ of Certiorari Granted Nov. 22, 1948.

See 69 S.Ct. 166.

Hindin, Weiss & Girard, of Los Angeles, Cal., for appellant. .

James M. Carter, U. S. Atty., and Clyde C. Downing and James C. R. McCall, Jr., Asst. U. S. Attys., all of Los Angeles, Cal., for appellees, Campbell, Joplin & Kirk.

Roger B. Smith, Robert H. Canan, and Mark E. True, all of Burbank, Cal., for appellee Lockheed Aircraft Corp.

Before MATHEWS, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

The individual appellees are re-employed veterans of the armed forces of the United States entitled to the benefits of § 8 of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 308.[1] At the time of their induction into the army they were employees of ap-

---

[1] So far as pertinent this statute provides:

"(b) In the case of any such person who, in order to perform such training and service, has left * * * (B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *

(c) Any person who is restored to a position in accordance with the provisions of paragraph * * * (B) of subsection (b) shall be considered as hav-

pellee Lockheed Aircraft Corporation and were members of appellant Aeronautical Union. At that time a collective bargaining agreement was in effect between appellant and Lockheed, governing the conditions of employment and establishing a system of seniority rights for the employees. At all relevant times appellant was the certified collective bargaining agent for Lockheed's employees.

While appellees were in military service, and prior to their restoration to their former positions with Lockheed, the collective bargaining agreement between Lockheed and appellant was changed in such manner as to accord to union chairmen, employed in similar positions, top seniority over all other like employees in the event of lay-offs due to curtailment of work. Prior to this change, and at the time appellees entered the armed forces, the bargaining agreement provided for layoffs on the basis of straight seniority alone. Within the one year after the restoration of appellees to their former positions each was laid off, due to curtailment of work, while union chairmen with less seniority than any of them were continued in active employment in their job classifications under the top seniority provisions of the bargaining contract mentioned.

The trial court was of opinion that the change in the seniority system at the plant tended to alter adversely the seniority status of re-employed veterans, and thereby to diminish the re-employment benefits which Congress had secured to them by law, hence the attempted change was, as to re-employed veterans, void and of no effect during their statutory year of re-employment. Judgment was awarded each of appellees in the amount of his loss of wages suffered by reason of his lay-off.

Appellant relies for reversal on a series of opinions by the Third Circuit, namely, Gauweiler v. Elastic Stop Nut Corp., 3 Cir., 162 F.2d 448; Koury v. Elastic Stop Nut Corp., 3 Cir., 162 F.2d 544; Di Maggio v. Elastic Stop Nut Corp., 3 Cir., 162 F.2d 546; and Payne v. Wright Aeronautical Corp., 3 Cir., 162 F.2d 549, each of which involved identical or very similar factual situations and questions of law. The court arrived at a conclusion contrary to that reached below. In the first three of these cases Judge McLaughlin dissented, and in the fourth Follmer, District Judge, did likewise.

The Supreme Court has not yet ruled directly on the point, although its opinions in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110, and Trailmobile Co. v. Whirls, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328, are of important aid in the consideration of the problem and, we think, lend support to the decision below. Later helpful cases bearing on the question, and called to our attention since the oral argument, are Spearmon v. Thompson, 8 Cir., 167 F.2d 626; Rudisill v. Chesapeake & O. Ry. Co., 4 Cir., 167 F.2d 175; and Dwyer v. Crosby Co., 2 Cir., 167 F.2d 567.

It would serve no useful purpose to add to the already extensive war of words on the subject. Enough to say that we disagree with the view expressed by the majority in the Gauweiler and other Third Circuit opinions cited above, and are in agreement with the dissenting opinions. The judgment is accordingly affirmed.

---

ing been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration."