### PURE OIL CO. v. ROSS et al.
### No. 9619.

United States Court of Appeals
Seventh Circuit.

Nov. 17, 1948.

---

Donovan D. McCarty, of Olney, Ill., for appellant.

Clarence T. Smith, of Flora, Ill., and Allen Hutcheson, Jr., of Chicago, Ill., and Howard W. Campbell, of Mt. Vernon, Ill., for appellees.

Before MAJOR, Chief Judge, and KERNER, Circuit Judge, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

■ Plaintiff, an Ohio corporation, filed its complaint against C. R. Ross, Lloyd Sloan, Estella K. Scott and others to have determined conflicting claims in the sum of $10,667.41, which plaintiff had in its possession and as to which adverse claims were asserted by defendants. The existence of the requisite jurisdictional amount, the diversity of citizenship of the adverse claimants, and the disinterestedness of plaintiff made the remedy of the Interpleader Act available to plaintiff. 28 U.S.C.A. § 41(26).[1]

The amended complaint was filed on June 17, 1946 and the sum of $10,667.41 was deposited in the registry of the court. The controversy involves the title to real estate in Richland County, Illinois, and the fund represents the purchase price of a portion of the oil and gas from two oil and gas leases. One of these leases is known as "C. R. Ross' Alfred Lame Lease." Under the Lame lease, defendant Sloan has asserted a claim to one-eighth of the working interest. Defendant Scott has asserted a claim against Sloan's claimed interest, and defendant Ross has asserted a lien against the claim of Scott, and various other defendants are asserting liens against this interest and other interests. Since the filing of the amended complaint, additional deposits have been made by plaintiff so that on January 24, 1948 the fund amounted to $31,637.89.

Defendant Scott filed her answer and counterclaim in which she averred that she was the owner of an undivided five thirty-seconds working interest in the Lame lease, and that she acquired an undivided one thirty-second of said interest by an assignment from one Jacob R. Schiff.

Jacob R. Schiff, not having been made a party defendant to the complaint, in order to assert the defenses and claim set forth in his proposed answer and counterclaim, filed his petition to intervene as a party defendant. In his answer and counterclaim he averred that on August 18, 1945, Sloan entered into an agreement with Ross who was then "the owner of a farmout agreement for said lease," whereby Ross sold to Sloan an undivided one-eighth interest in the Lame lease, and that on November 30, 1945 Sloan assigned all his interest in the lease to Scott, but that the assignment to Scott was subject to a mortgage to Schiff for the sum of $2,000, which sum was due and owing to Schiff by Sloan and Scott, and that the mortgage is a lien on the interest of Scott in the Lame lease. The prayer was that the one-eighth interest acquired by Scott be declared to be subject to the mortgage lien of Schiff. Defendant Scott objected to the allowance of the petition of intervention. The District Court entered an order denying the petition, and Schiff has appealed.

At the outset we are met with the contention that the intervening petition should have been dismissed because both Schiff and Scott are residents of New York.

■ It will be enough to say that a complaint interpleading one group of claimants, all of whom are citizens of Illinois, and another group claiming adversely, all of whom are citizens of various States, satisfies the requirements of the Interpleader Act, since the Act requires diversity only as between the claimants. Treinies v. Sunshine Mining Company, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

In arguing for a reversal appellant contends that he has a direct legal interest in the res and the funds. On the other hand, appellee Scott makes the point that appellant has no direct interest in the res and

---

[1] 1948 Judicial Code, 28 U.S.C.A. §§ 1335, 1397, 2361.

the money deposited, and even if he has, his application was untimely.

■ The general rule is that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice is done, either to the parties before it, or to others who are interested in the subject matter, by a decree which might otherwise be granted upon a partial view only of the real merits. State of Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 46 L.Ed. 499.

■ Rule 24(a)(3), Federal Rules of Civil Procedure, 28 U.S.C.A., permits anyone upon timely application to intervene in an action as a matter of right when the applicant is so situated as to be adversely affected by a distribution of property in the custody of the court or of an officer thereof, and the law is well settled, that to authorize an intervention, the intervenor must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment. United States Casualty Co. v. Taylor, 4 Cir., 64 F.2d 521; Smith v. Gale, 144 U.S. 509, 518, 12 S.Ct. 674, 36 L.Ed. 521; Leary v. United States, 224 U.S. 567, 32 S.Ct. 599, 56 L.Ed. 889, Ann.Cas.1913D, 1029; and United States v. California Cooperative Canneries, 279 U.S. 553, 49 S.Ct. 423, 73 L.Ed. 838.

In our case appellant's claim to participate in the distribution of the funds in the registry of the court is predicated upon an agreement executed by Sloan and given to Schiff in which Sloan stated, that as security for a loan made to Scott, and as security for his indebtedness to Sloan in the sum of $2,000, "I hereby sell, assign and transfer unto Jacob R. Schiff, all my right, title and interest in and to the Oil and Gas Mining Lease dated April 29, 1936 made and entered into by and between Alfred Lame and Zelmer Lame, his wife, as Lessors, to R. Z. McGowan, as Lessee, recorded in Volume 2, page 493, of the records in the office of the Recorder of Richland County, Illinois, * * *." The agreement also provided: "This assignment to also include all the oil and/or gas run to the credit of assignor since the well was brought in and completed as a producer." The assignment also recited that when the indebtedness was liquidated, the interest assigned to Schiff was to be reassigned to Sloan.

The trial judge in passing upon the petition to intervene filed a memorandum opinion in which he said that the instrument upon which appellant based his claim could not suffice as the basis of an enforceable lien or claim to the proceeds of the oil runs, because the words "to also include" contemplated a subsequent assignment which would specify the specific oil and gas runs which Schiff would be entitled to receive.

■ With this reasoning we cannot agree. It is too narrow a construction of the agreement. True, the instrument was inartistically drawn, but that fact ought not to bar Schiff from presenting and prosecuting his claim. It is apparent, if there is any merit in his claim, that Schiff has an interest in the subject matter in litigation of such a nature that he will gain or lose by the direct legal operation of any decree that may be rendered in this case. If he is denied the right to intervene, then the money which he claims is due him for the oil run "since the well was brought in" will be paid to appellee and her other lien claimants, without appellant being able to have his day in court. He should not be denied his chance to be heard.

We need but briefly discuss appellee's contention that the application to intervene was untimely.

■ The record discloses that at the time Schiff filed his petition for intervention there had been no hearing nor decree entered, and that the trial judge in his memorandum opinion said that if merit were apparent in Schiff's claim he would permit intervention. In this situation we would not be warranted to hold that the application was untimely.

The order denying intervention will be reversed. It is so ordered.