**UNITED STATES ex rel. J. DEAVERS v. MISSOURI, K. & T. R. CO.**

No. 12223.

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1949.

Rehearing Denied Feb. 21, 1949.

Henry W. Moursund, U. S. Atty., and Joel W. Westbrook, Asst. U. S. Atty., both of San Antonio, Tex., for appellant.

Dan Moody and J. B. Robertson, both of Austin, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal has to do with the proper parties and practice in a proceeding under Section 8 of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 308, to compel recognition of seniority due a returned veteran who when taken into the military service had a position with a railroad company as a fireman. The complaint was dismissed because the plaintiff refused, after an order so requiring, to join as defendants with the employing Railroad Company the other firemen who would be affected by giving the veteran the seniority status which he claims.

The complaint is in the name of the United States, ex rel. Jewell G. Deavers, and signed by the United States Attorney. It sets forth that Deavers, who had been a student fireman with the Missouri, Kan-

sas and Texas Railroad Company, and had qualified as an extra fireman and made two runs as such, though he had not been formally entered on the Firemen's Extra Board, left his employment to be taken into the military service on Jan. 7, 1942; that his employment was other than temporary; that he was honorably discharged with a proper certificate Dec. 30, 1943, and on Jan. 9, 1944, applied to be reemployed and was reemployed; but his request to be placed on the Firemen's Extra Board with a seniority superior to that of D. H. Penton, over whom Deavers had superiority before entering the military service, was refused and Deaver's seniority has since been inferior to Penton's. The prayer is that the defendant Railroad Company be required to treat Deavers in all respects as if he had enjoyed a seniority status superior to Penton's from Jan. 7, 1942. There is no allegation of monetary loss. The complaint was not filed till April 16, 1947.

The Railroad Company moved to dismiss for lack of a claim on which relief can be granted; and because it appears that Penton is a necessary and indispensable party in that Deavers cannot be given what he asks without depriving Penton of it, Penton's address being stated; and because 92 other firemen whose home addresses are furnished who now have seniority ahead of Deavers would have to be similarly displaced if he were ahead of Penton, and they too are substantially involved; and because the seniority of all of them rests on an agreement between the Railroad Company and Brotherhood of Locomotive Firemen and Enginemen and its local lodge at Smithville, Texas, and these are also necessary and indispensable parties; and because the complaint was not filed within a year from the discharge from military service and the refusal to give the desired seniority; and because the court is without jurisdiction of the subject matter. This pleading is not sworn to. It seems however to have been regarded as true in a written argument submitted by plaintiff, and the court so treated it in disposing of the motion. It was held that the individual firemen named are necessary parties, but the named

unions are not; that the failure to sue within a year is no bar; and that the court has jurisdiction. The motion to dismiss was overruled provided the persons held to be necessary were made parties. Two months later, the plaintiff having refused to make them parties, the complaint was for this reason dismissed. The questions argued here are whether the absent parties are either indispensable or necessary parties; and if either, whether it was not the duty of the court rather than the plaintiff to have them brought in.

In this court, no point has been raised as to the United States being a proper plaintiff and we make no ruling on it, but we call attention to the language of Section 8(e), 50 U.S.C.A.Appendix, § 308 (e), which gives the court jurisdiction: "The district court * * * shall have power, upon the filing of a motion, petition, or other appropriate pleading *by the person entitled to the benefits of such provisions,* to specifically require such employer to comply with such provisions * * *. Upon application to the United States district attorney or comparable official * * * by any person claiming to be entitled to the benefits of such provisions, such United States district attorney or official * * * shall appear and act *as attorney for such person* in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading * * *." (Emphasis added.) We have no doubt that if under Federal Rules of Civil Procedure, Rule 17(a) 28 U.S.C.A., the proceeding should properly be in the name of Deavers, the United States can by amendment be stricken out, so that the complaint will stand in the name of the real party in interest.

As to parties defendant, the case has been argued and authorities cited as though a piece of property or ordinary contractual right was in controversy. This is to lose sight of the unique subject matter which makes this controversy sui generis. The subject matter is solely seniority under a collective bargain between a railroad company and its employees, evidently made pursuant to the Railway Labor Act, 45 U.S.C.A. § 151 and ff. This might

have been better shown had evidence been heard instead of acting on loose, informal admissions, as the record shows was done. It is true the complaint does not mention a collective bargain, and speaks of Deavers' seniority as "in accordance with the usages and customs of employment of firemen who had not established formal seniority with the firemen's extra board", but the judge's order on the motion recites that it was admitted by plaintiff that "an agreement heretofore made between the defendant and the Brotherhood of Firemen and Enginemen *is an issue in this case*". If this means that Deavers is claiming a seniority otherwise than under the collective agreement, but the railroad company claims the latter is controlling, the controversy is still one as to the interpretation and application of the collective agreement. The policy and effect of the Railway Labor Act is to submit such controversies to the Mediation and Adjustment Boards established by the Act, excluding the courts until the proper Board has acted. We so held recently in Hampton et al. v. Thompson, 5 Cir., 171 F.2d 535. Deavers here is not suing to be reemployed, nor to be made whole for a monetary loss, but to have his seniority status recognized. He has a grievance against his employer. If he is accorded what he asks, Penton and the others who are displaced may have a grievance also. These grievances are normally to be weighed and the right of them established by the Adjustment Board, the courts being initially excluded. But the grievance of Deavers, at least for one year, has a special standing as respects court action under Section 8, supra. The court must, if prerequisites are shown by him, specifically require his restoration to his former "position or to a position of like seniority, status, and pay". He already has his former position and is not complaining about his pay. He wishes only a seniority which he says is now, after several years, not accorded him. We do not think Section 8 is to be construed as substituting the court for the Adjustment Board in settling the cross grievances arising among these railroad employees. The Court's duty is to ascertain the facts as to the veteran's former employment, his entrance into the military service and proper discharge therefrom, his timely application for restoration, and whether he has a right to have his former employment with due seniority, *as against his employer*. That much it can settle. Disputes between him and fellow employees as to what his seniority is as against them must take their usual course, especially when thus belatedly raised. The Adjustment Board, it may be presumed, will give effect to the judgment of the court, if so rendered, that Deavers was and is as a veteran entitled to full restoration as to seniority, but the Board can better determine what in detail that seniority was and is, and how it is to be effected under the collective agreement with the firemen.

It follows that the Union and fellow employees, if not made parties will not be bound as to their particular interests, which belong primarily to the jurisdiction of the Adjustment Board, and they may be heard there. In the present case, the employer may, on the facts proven, be required to put Deaver's name on the Firemen's Board ahead of Penton, but the requirement ought to be without prejudice to the Board's authority to make decisions on resulting grievances if any are presented to it.

If in a seniority case such as this all the employees who may be affected are either necessary or indispensable parties, the burden and cost of serving them might be intolerable. There would be 93 such services in this case. There might be 1,000 in another. Section 8(e) declares that no costs shall be taxed against the veteran plaintiff. Who is to pay this cost? The Section requires a veteran's case to be given a speedy hearing and to be advanced on the calendar. The remedy was intended to be simple and prompt. It could not be either, if expanded as was ordered in this case. We conclude that the case is between the veteran and his employer alone, and that no one else need be made a party for the limited relief the section provides.

The judgment of dismissal is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.