**BROTHERHOOD OF LOCOMOTIVE FIRE-MEN & ENGINEMEN et al. v. UNITED STATES ex rel. DEAVERS.**

No. 13027.

United States Court of Appeals
Fifth Circuit.
June 21, 1950.

J. Hart Willis, Dallas, Texas, John B. Robertson, Austin, Texas, George H. Penland, Dallas, Texas, M. E. Clinton, Dallas, Texas, Dan Moody, Austin, Texas, for appellants.

Joel W. Westbrook, Asst. U. S. Atty., San Antonio, Texas, H. W. Moursund, U. S. Atty., San Antonio, Texas, for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is the second appeal of this case, United States ex rel. Deavers v. Missouri, K. & T. R. Co., 171 F.2d 961, certiorari denied, 337 U.S. 958, 69 S.Ct. 1533, 93 L.Ed. 1757. It is an action under Section 8 of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A., War, Appendix, § 308, 54 Stat. 890. The United States attorney for the Western District of Texas originally brought this suit for the benefit of Jewell G. Deavers, who was afterwards substituted as plaintiff as suggested by this court, 171 F.2d 962. The appellee's amended complaint is ambiguous as to whether the appellee was a regular fireman or only a student fireman at the time he left the railroad's employment to enter the military service.

The contention of the railroad seems to be that, being only a student fireman, Deavers was never an employee of the company with a seniority status that entitled him to the relief sought; but this question goes to the merits of the case, which is not properly before us on this appeal. The questions to be decided by us on this appeal are (1) whether the court erred in refusing to allow the union to intervene, and (2) whether it erred in dismissing the cross-claim of the railroad, which prayed for an injunction and sought to bring in third party defendants. The court below thought that these questions were foreclosed by our prior decision, but we think not. The only issue formerly necessary to be decided was whether the complaint was properly dismissed because the plaintiff refused, after an order so requiring, to join additional parties as defendants. On this issue, the court said: "We conclude that the case is between the veteran and his employer alone, and that no one else need be made a party for the limited relief the section provides." 171 F.2d 963. This language must be read in the light of the issues before the court. Other expressions in the opinion, which go beyond the issues presented, may be respected, but they ought not to be controlling in a subsequent suit when the very point is presented for decision. Cohens v. Virginia, 6 Wheat. 264,

399–400, 5 L.Ed. 257. See also Harvey Co. v. Malley, 1 Cir., 61 F.2d 365, 366.

 While the Act, above cited, under which this action was brought, provides that the employer shall be the only respondent to the petition of the veteran seeking reinstatement, it does not prohibit the respondent from prosecuting a counterclaim, or take away the power of the court to permit other interested parties to intervene, or be brought in by counterclaim. The Federal Rules of Civil Procedure, 28 U.S.C.A., are applicable to this proceeding.[1] The cost of bringing in these extra parties will necessarily fall upon the railroad, since the Act provides that the veteran shall not be liable for costs.[2] The Federal Rules of Civil Procedure have the force and effect of a statute, and we find no repugnancy between these rules and any pertinent statute; and none has been called to our attention.

Ordinarily, in the absence of an abuse of discretion, no appeal lies from an order denying leave to intervene, but in this instance the court below was clearly disposed to grant the intervention, and only refused to do so because of some of the language used by the writer of the former opinion. In these circumstances, we think the appeal should be granted, and the order denying intervention reversed. The orders appealed from are reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion. Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646; Missouri-Kansas Pipe Line Co. v. U. S., 312 U.S. 502, 665, 61 S.Ct. 666, 85 L.Ed. 975; U.S. v. Radice, 2 Cir., 40 F.2d 445.

Reversed.

1. See Rules 20, 21, 22, 23, and 24, especially Rule 23(a) (3) as to a class action against other firemen, and Rule 22, which provides that a defendant exposed to double or multiple liability may invoke interpleader by cross-claim or counterclaim. Also note that Rule 19(a) is subject to the provisions of Rule 23 and of subdivision (b) of Rule 19.

2. In the oral argument of this appeal, counsel for the railroad company said

WALLER, Circuit Judge (dissenting).

I believe that the previous decision of this Court is correct and that it is necessary to make only the railroad a defendant. I do not think that Congress ever intended that the veteran had to sue every other employee of the railroad in order to have the status of his seniority determined upon his return from the service.

that the latter would voluntarily bear the expense of bringing in as cross-defendants all firemen who would be adversely affected by fixing Deavers' seniority status above Denton's; but under Rule 23(a) (3), it is not perceived why "one or more" firemen might not be brought in as a fair and adequate representation of all.