588

Paul R. WILSON

v.

ILLINOIS CENTRAL RAILROAD COM·
PANY, a corporation.

No. 56 C 919.

United States District Court
N. D. Illinois.

Nov. 20, 1957

See also, 147 F.Supp. 513.

R. Tieken, U. S. Atty., Nicholas G. Manos, Chicago, Ill., for plaintiff.

H. J. Deany, Robert S. Kirby, Chicago, Ill., for defendant.

Jacob H. Martin, Chicago, Ill., Richard R. Lyman, Toledo, Ohio, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for System Federation No. 99 of Ry. Employes' Dept., AFL–CIO.

JULIUS J. HOFFMAN, District Judge.

██ The motion of System Federation No. 99 of the Railway Employees' Department, AFL-CIO, to intervene as a party defendant in this action is denied. The Federation is not entitled to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., inasmuch as intervention of right exists only where an intervenor stands to gain or lose by direct legal operation of the judgment. Pure Oil Co. v. Ross, 7 Cir., 1948, 170 F.2d 651. The Federation will not be affected by any judgment which might be rendered in the instant proceeding. Furthermore, the absence of the Federation can have no effect upon this case, since no agreement between the Federation and the defendant railroad can impair the service adjustment benefits secured to a veteran under the Act here in question (50 U.S.C.A.Appendix, § 459, 62 Stat. 614 (1948)). See Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230; Curtis v. Railroad Perishable Inspection Agency, D.C.D.Mass. 1947, 71 F.Supp. 153.

While the Federation is not entitled to intervention of right, leave to inter-

vene may be granted or denied as a matter of discretion under Rule 24(b). This subsection states, however, that "In exercising its discretion the court shall consider whether the intervention will *unduly delay or prejudice the adjudication of the rights of the original parties.*" For the reasons hereafter stated, to permit intervention of the Federation in the instant proceeding would unduly delay an adjudication of the merits of the case.

The grounds upon which the Federation seeks to intervene are: *(1) that the* collective bargaining agreements between the Federation and the defendant railroad will or may have to be interpreted in the course of the proceedings, and (2) that the employes who would be adversely affected by a determination of the issues in favor of the plaintiff should be represented in the case. These grounds are insufficient to warrant intervention. The pleadings of the original parties to the action raise no issues pertaining to the collective bargaining agreement between the Federation and the defendant. As was noted in the court's memorandum with respect to the defendant railroad's motion to dismiss the complaint, the plaintiff relies upon a course of practice on the part of the employer to show the status which he allegedly would have achieved had he remained on the job instead of entering the armed services, rather than upon the provisions of a collective bargaining agreement. Nor does the proposed *pleading of the Federation show that* any provision of a collective bargaining agreement will play a part in a determination of the case. With minor exceptions, the proposed answer of the Federation merely underscores the issues raised by the original parties. As was stated in Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., D.C.D.Mass.1943, 51 F.Supp. 972, 973,

"Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention."

The *second reason advanced by the* Federation in support of intervention— *that employes who may be adversely* affected by a change in the plaintiff's position on the seniority roster should have representation—is also insufficient. It has been held that employes who might be affected by a case involving the rights of a veteran under the Universal Military Training & Service Act are not indispensable parties to the action. Conner v. Pennsylvania R. Co., 1949, 85 U.S. App.D.C. 223, 177 F.2d 854, certiorari denied, 1950, 339 U.S. 919, 70 S.Ct. 622, 94 L.Ed. 1343; United States ex rel. Deavers v. Missouri, K. & T. R. Co., 5 Cir., 1949, 171 F.2d 961. No purpose would be served by the Federation's intervention on behalf of the employes which will not be served by the defense of this action by the railroad. The Federation contends that the railroad may not present an adequate defense with respect to the plaintiff's seniority rights, because the railroad's only interest in the seniority rosters is to know with certainty the order it should follow when making layoffs. This contention, however, can not be sustained. If the plaintiff prevails on the question as to his seniority, the defendant railroad may be required to pay damages. The defendant therefore has a financial interest to protect in relation to this question, and it can be expected to make an energetic defense to the issue.

Motion denied.