Cecil P. GROSECLOSE, Plaintiff,

v.

GREAT NORTHERN RAILWAY COM-
PANY, a corporation, Defendant.

Raymond Lee SWANSON, Plaintiff,

v.

GREAT NORTHERN RAILWAY COM-
PANY, a corporation, Defendant.

Bill S. NICHOLSON, Plaintiff,

v.

GREAT NORTHERN RAILWAY COM-
PANY, a corporation, Defendant.

Civ. Nos. 2067–2069.

United States District Court
D. Montana,
Havre-Glasgow Division.

March 8, 1960.

Krest Cyr, U. S. Atty., Jack H. Bookey, Asst. U. S. Atty., Butte, Mont., for plaintiffs.

Weir, Gough & Booth, Helena, Mont., for defendant.

Richard R. Lyman, Mulholland, Robie & Hickey, Toledo, Ohio, Hauge, Hauge & Ober, Havre, Mont., for intervening defendant.

JAMESON, District Judge.

Plaintiffs, all employees of the defendant, Great Northern Railway Company, seek in separate actions a determination of re-employment rights asserted under the provisions of the Universal Military Training Act, 50 U.S.C.A.Appendix, § 459. System Federation No. 101 of the Railway Employees' Department, A.F.L.–C.I.O., has filed motions for leave to intervene. Plaintiffs filed objections to the motions. Defendant has stipulated that they may be granted.

System Federation is an unincorporated association of local unions and acts as bargaining agent for its members with the defendant. Plaintiffs are members of Brotherhood Railway Carmen of America, which in turn is a member of System Federation. System Federation seeks to intervene in these actions on its own behalf and on behalf of the employees of the defendant who are members of the Carmen craft. System Federation's proposed answers adopt defendant's answers.

System Federation negotiated a so-called "upgrading agreement" with defendant for determining order of seniority of employees in the defendant's maintenance of equipment department, and also a subsequent memorandum agreement for determining seniority rights of employees who entered the military service. Both agreements are incorporated by reference in plaintiffs' complaints. Plaintiffs claim "either by virtue of their contractual seniority rights * * * or by virtue of a uniform practice * * retroactive seniority dates as mechanics as of the time they would have completed * * * (their) working experience had their employment not been interrupted by military service." Each plaintiff alleges that the defendant refused to grant his application for upgraded status based on his seniority date, and seeks "full carman mechanic status and retroactive seniority".

System Federation's motion to intervene is based on Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It contends that the facts involved support both intervention of right under Rule 24(a) [1], since the defendant's representation of the System Federation's interest "is or may be" inadequate, and the System Federation, as principal party to the collective bargaining agreements, "is or may be bound" by the judgment; and permissive intervention under Rule 24 (b),[2] since the System Federation's de-

---

1. Rule 24(a) reads in pertinent part: "Upon timely application anyone shall be permitted to intervene in an action: * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.

2. Rule 24(b) reads in pertinent part: "Upon timely application anyone may be permitted to intervene in an action: * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common * * *. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

fense and the main action have a "question of law or fact in common", and there is no basis on which it may be said that intervention would "unduly delay or prejudice the adjudication of the rights of the original parties."

It is my conclusion that intervention should be permitted under Rule 24(b). I have some doubt as to whether System Federation may intervene as a matter of right under Rule 24(a),[3] but it is unnecessary to determine this question, since the motion to intervene will be granted under Rule 24(b).

██ While the employer is the only necessary party under 50 U.S.C.A.Appendix, § 459(d),[4] the Universal Military Training Act does not take away the power of the court to permit intervention by other interested parties, and the Federal Rules of Civil Procedure, including Rule 24(b)(2), are applicable to this proceeding.[5] Since System Federation has adopted defendant's answers, it is clear that the applicant's defense and the main action "have questions of law and fact in common." While "additional parties always take additional time",[6] it does not appear that intervention here will "unduly delay or prejudice the adjudication of the rights of the original parties."

██ In enacting the Selective Training and Service Act of 1940 and subsequent statutes conferring re-employment rights on veterans, Congress "was not creating a system of seniority but recognizing its operation as part of the process of collective bargaining", and ordinarily "seniority rights derive their scope and significance from union contracts." Aeronautical Indus. Dist. Lodge 727 v. Campbell, 1949, 337 U.S. 521, 69 S.Ct. 1287, 1290, 93 L.Ed. 1513.

In Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, the employee sued his employer for a declaratory judgment. The union intervened and alleged in its answer that the employer's action was in accordance with the provisions of a collective bargaining agreement, and was not in violation of the Selective Training and Service Act of 1940. The District Court held that the employee was laid off in violation of the Act. Only the union appealed. The Supreme Court held that the case involved a possible conflict between the statute and the collective bargaining agreement, and that "a decision for or against petitioner necessarily involved a construction of the collective bargaining agreement." 328 U.S. at page 282, 66 S.Ct. at page 1110.

██ Plaintiffs argue that the instant cases do not involve any possible question of conflict between the Act and the collective bargaining agreements, that plaintiffs' rights are founded upon custom and practice, and that no interpretation of the agreements will be required.[7]

---

**3.** It has been held that "intervention of right exists only where an intervenor stands to gain or lose by direct legal operation of the judgment." Wilson v. Illinois Central Railroad Company, D.C. N.D.Ill.1957, 21 F.R.D. 588. See also Pure Oil Co. v. Ross, 7 Cir., 1948, 170 F.2d 651, and Kelley v. Summers, 10 Cir., 1954, 210 F.2d 665; athough in these two cases intervention was sought under Rule 24(a)(3), rather than 24(a)(2).

**4.** It was held in Conner v. Pennsylvania R. Co., 1949, 85 U.S.App.D.C. 223, 177 F.2d 854, 859, that other employees of the defendant Railroad were not indispensable parties, but the court also called attention to the fact that the "Union which represents the employees of the Railroad was made a party" to the action.

**5.** See Rules 20 and 24; Brotherhood of Locomotive Firemen and Enginemen v. United States, 5 Cir., 1950, 183 F.2d 65; Dodson v. St. Louis-San Francisco Ry. Co., D.C.W.D.Mo.1948, 81 F.Supp. 356.

**6.** See Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., D.C. Mass.1943, 51 F.Supp. 972, 973; Wilson v. Illinois Central Railroad Company, D.C.N.D.Ill.1957, 21 F.R.D. 588, 589.

**7.** In this contention counsel rely upon Wilson v. Illinois Central Railroad Company, D.C.N.D.Ill.1957, 21 F.R.D. 588, 589,

Counsel for the defendant and applicant contend, however, that there may be a conflict and that it will be necessary for the court to interpret the collective bargaining agreements.

It is significant that plaintiffs specifically allege and incorporate by reference in their complaints both of the collective bargaining agreements and that they assert their rights to retroactive seniority dates as mechanics "either by virtue of their contractual seniority rights * * or by virtue of a uniform practice." On the basis of the contentions of the respective parties and the pleadings, the court cannot determine or assume at this stage of the proceedings that it will be unnecessary to interpret the agreements in reaching a decision. System Federation, having negotiated the agreements with the defendant, should have an opportunity to be heard.

Plaintiffs contend further that System Federation, having adopted defendant's answers, will be adequately represented by the defendant and hence there is no reason for System Federation to intervene. Counsel for defendant in oral argument made it clear that he did not consider himself to be representing System Federation and would not do so beyond the point where the interests of defendant and System Federation were identical. This is understandable. It is of course entirely possible that System Federation may be more interested than the defendant in asserting rights under the collective bargaining agreements. In the event of an adverse decision, defendant might not consider the judgment of sufficient importance to justify an appeal. On the other hand, System Federation, more directly concerned with the rights of other employees, might desire to effect an appeal. This apparently was true

in both Aeronautical Indus. Dist. Lodge 727 v. Campbell and Fishgold v. Sullivan Drydock & Repair Corp., supra. In each case the union was permitted to intervene without objection, and in each case only the intervenor appealed the decision adverse to its and the employer's position. In both cases the Supreme Court reversed. It cannot be assumed in the instant cases that the interests of System Federation would be fully represented by defendant.

The motion to intervene is granted.

---

where the court said in part: "* * * the plaintiff relies upon a course of practice on the part of the employer to show the status which he allegedly would have achieved had he remained on the job instead of entering the armed services,

rather than upon the provisions of a collective bargaining agreement. Nor does the proposed pleading of the Federation show that any provision of a collective bargaining agreement will play a part in a determination of the case. * * *"