Freeman **KELLEY**, Administrator of the Estate of Lula Jane Bryant Kelley Bowling, Deceased, Plaintiff,

v.

**PASCAL SYSTEM, INC.**, and Burton Stacy, Defendants.

No. 595.

United States District Court
E. D. Kentucky,
Pikeville Division.

May 17, 1960.

Jack T. Page, Charles E. Lowe, Pikeville, for plaintiff.

Ben T. Cooper, of Mayer, Cooper & Kiel, Louisville, Ky., for defendant, Pascal System, Inc. and movant, Continental Casualty Co., Inc.

No appearance for defendant Stacy.

SWINFORD, District Judge.

The motion and application to be permitted to intervene in this cause filed by the Continental Casualty Company, Inc., should be overruled.

In support of its claim to its right to intervene the movant relies upon the provisions of Rule 24(a) (2), Rules of Civil Procedure, 28 U.S.C.A., which provides that intervention shall be permitted "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

Neither of these conditions is shown to exist in this case. The insurance company is like any other contracting party who may or may not be bound by the terms of a written contract into which it has entered. It complains that it has no way of knowing whether or not it should comply with the terms of its contract or whether or not it may rely upon certain defenses provided by the terms of the contract. This condition is true in many contractual relations and an insurance company should be permitted to have an advisory opinion no more than any other litigant. The well established rule that courts will not grant advisory opinions where there is no actual present justiciable controversy is fundamental in the law of contracts.

It is not shown that any controversy exists between the plaintiff and the movant and no decree of this court in this action could be entered that would bind the movant or deny it a right to make any defenses which it may have against its insured under the terms of their contract. Under the statute granting the right of intervention in an action to one who may be "bound by the judgment", a party is bound by the judgment only when he may be subject to a plea of res judicata. Ar-Tik Systems, Inc. v. Dairy Queen, D.C., 22 F.R.D. 122.

Intervention of right exists only where the intervenor stands to gain or lose by direct legal operation of the judgment. Wilson v. Illinois Central Railroad Company, D.C., 21 F.R.D. 588, D.C., 147 F.Supp. 513. "Essential to an absolute right of intervention in accordance with Rule 24(a) is a showing by the applicant for intervention of the existence of both the conditions stated by the Rule, i. e. inadequate representation by existing parties and a judgment that is or may be binding in the action. A showing that an applicant for interven-

tion will be bound by a judgment in the action is not in itself sufficient to confer upon such applicant a right to intervene; it must also be shown that representation of the applicant's interest by existing parties is or may be inadequate. MacDonald v. United States, 9 Cir., 1941, 119 F.2d 821, 827; Tachna v. Insuranshares Corporation of Delaware, D.C. Mass.1938, 25 F.Supp. 541, 542." Farmland Irrigation Company v. Dopplmaier, 9 Cir., 220 F.2d 247, 248.

The movant relies on the case of Knapp v. Hankins, D.C., 106 F.Supp. 43. The district judge in that case has written a good opinion which shows research and thought; however, I cannot agree with the conclusions on the interpretation of this rule and must therefore decline to follow the decision.

■ The Continental Casualty Company, as I have heretofore pointed out, is not "bound by a judgment in this action". Any judgment which the plaintiff may secure against the insured does not automatically fix the liability of the insurance company or cut off any defense which it may have against its insured under the terms of the contract. The liability of the insurance company is only potential and may never arise even though the liability of the insured is fixed in this action. In order to permit intervention, as I have heretofore pointed out, it must be shown that the judgment would be res judicata.

■■ Courts should not become so zealous in attempting to prevent a multiplicity of actions that they injure or hamper the rights of the original litigants. To sustain the position of the insurance company would be to necessarily try a lawsuit between it and its insured and require the plaintiff to stand aside in the assertion of his claim until the speculative rights of these two parties were determined in a declaratory judgment. The rights of the plaintiff and of the defendant would be lost sight of while this collateral issue was being determined. Courts should be zealous to protect the rights of those who have sought their forum and not permit those

rights to be delayed and deferred except in cases where present justiciable rights of other claimants are directly involved.

[7, 8] Rule 24(a) is a valuable and useful rule but it should not be construed out of all recognition to its laudable purpose. Concrete issues, not abstractions, must appear on the face of the record. United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754. "Claims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 324, 56 S.Ct. 466, 472, 80 L.Ed. 688.

An order overruling the motion to be permitted to intervene is this day entered.