John EVANCHO

v.

UNITED STATES STEEL COR-
PORATION.

Civ. A. No. 30452.

United States District Court
E. D. Pennsylvania.

Dec. 31, 1962.

Henry T. Reath, Duane, Morris &
Heckscher, Philadelphia, Pa., for plain-
tiff.

Drew J. T. O'Keefe, U. S. Atty., by
Thomas F. Gilson, Asst. U. S. Atty.,
Ernest N. Votaw, Regional Atty., Leo L.
Holstein, Deputy Regional Atty., Phila-
delphia, Pa., for defendant.

LUONGO, District Judge.

This is an action by a Korean War vet-
eran under § 9 of the Universal Military
Training Act of 1948, as amended, [50
U.S.C.A.Appendix § 459] to compel his
employer to advance his position from
number 33 on the seniority work roster
to number 15. The employer has moved,
under Rule 19(b) F.R.C.P., to have joined
as "necessary parties" those employees
who currently hold numbers 15 to 32
as well as the Local and the International
Union to which these men and plaintiff
belong on the ground that they are
" * * * persons who are not indis-
pensable, but who ought to be parties if
complete relief is to be accorded between
those already parties * * *." Rule 19
(b).

Defendant's motion will be denied.

The statute involved, Universal Mili-
tary Training Act § 9(b) (c) [50 U.S.
C.A.Appendix § 459(b) (c)] gives a vet-
eran resuming his civilian employment
certain reemployment and seniority
rights. To enforce these provisions, § 9
(d) [50 U.S.C.A.Appendix § 459(d)] pro-
vides:

"(d) In case any private employer
fails or refuses to comply with the
provisions of subsection (b), or sub-
section (c) (1) or subsection (g) [of
this section], the district court of the
United States for the district in
which such private employer main-
tains a place of business shall have
power, upon the filing of a motion,
petition, or other appropriate plead-
ing by the person entitled to the ben-
efits of such provisions, specifically
to require such employer to comply
with such provisions and to com-
pensate such person for any loss of
wages or benefits suffered by reason
of such employer's unlawful action:

228

PROVIDED, That any such compensation shall be in addition to and shall not be deemed to diminish any of the benefits of such provisions. The court shall order speedy hearing in any such case and shall advance it on the calendar. Upon application to the United States district attorney or comparable official for the district in which such private employer maintains a place of business, by any person claiming to be entitled to the benefits of such provisions, such United States district attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions: PROVIDED, That no fees or court costs shall be taxed against any person who may apply for such benefits: *PROVIDED FURTHER, That only the employer shall be deemed a necessary party repondent to any such action."* (Emphasis supplied.)

The quoted subsection of the Act, particularly the italicised portion, seems clearly to require denial of defendant's motion. If interpretation is needed, it may be found in McKinney v. Missouri-Kansas-Texas Railroad Co., 240 F.2d 8, 11 (10th Cir., 1956). That case involved an attempt to join other employees on the seniority list as "indispensable" parties and is, therefore, not directly controlling on whether such employees should be joined as "necessary" parties, nevertheless, the following quotation from the court's opinion, at page 11, is most illuminating:

"Under this clear provision of the statute a controversy of this kind is solely between the returned veteran and the former employer and no one else need be joined as a party."

More directly on point, even though it also involved provisions of another statute, (Railway Labor Act, 45 U.S.C.A. § 151 et seq.) is United States, ex rel. Deavers v. Missouri, K. & T. R. Co., 171 F.2d 961 (5th Cir., 1949). That was a suit brought under the Selective Service Act of 1940, § 8, 50 U.S.C.A.Appendix § 308, the forerunner of and substantially similar to the Act here involved. The Trial Court ordered that other employees whose seniority might be affected by a change in the plaintiff-veteran's seniority be joined as "necessary parties". The Court of Appeals reversed, holding that those employees were neither "indispensable" nor "necessary" parties. Particularly appropriate and persuasive to the issue before me is the quotation from that opinion, at page 963:

"If in a seniority case such as this all the employees who may be affected are either necessary or indispensable parties, the burden and cost of serving them might be intolerable. There would be 93 such services in this case. There might be 1,000 in another. Section 8(e) declares that no costs shall be taxed against the veteran plaintiff. Who is to pay this cost? The Section requires a veteran's case to be given a speedy hearing and to be advanced on the calendar. The remedy was intended to be simple and prompt. It could not be either, if expanded as was ordered in this case. We conclude that the case is between the veteran and his employer alone, and that no one else need be made a party for the limited relief the section provides."

A similar approach was used in Wilson v. Illinois Central Railroad Company, 21 F.R.D. 588 (D.C.N.D.Ill.1957) to refuse permission to a union to intervene on its own behalf and on behalf of its members who might be adversely affected by advancing veteran-employee's position on the seniority list.

The issue to be decided here is a simple one between Evancho and his employer.

To join others in this controversy would serve only to encumber the proceedings and to militate against a speedy disposition of the veteran's claim.

### ORDER

AND NOW, this 31st day of December, 1962, the motion of defendant, United States Steel Corporation, to join additional defendants is denied.