Miles W. MUIR, Plaintiff,

v.

UNITED STATES STEEL CORPORA-TION, Defendant.

Civ. A. No. 40352.

United States District Court
E. D. Pennsylvania.

Feb. 14, 1967.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Eastern Dist. of Pa., Philadelphia, Pa., for plaintiff.

Duane, Morris & Heckscher, Roland Morris, Philadelphia, Pa., for defendant.

## OPINION

FULLAM, District Judge.

Plaintiff, a returning veteran of the Armed Services, has brought this action seeking advancement on the seniority roster in his job unit at the plant of the defendant-employer, pursuant to section 9(d) of the Universal Military Training and Service Act of 1948, 50 U.S.C. (App.) § 459 et seq.

The defendant has filed a motion, allegedly pursuant to Rule 19 Fed.R.Civ.P., to compel the joinder, as defendants in this action, of the international union, the local union, and the other employees whose status would be affected if plaintiff should prevail. Plaintiff's opposition to this joinder is based principally upon the express provision in the statute, 50 U.S.C.A. (App.) § 459(d), that

"* * * only the employer shall be deemed a necessary party respondent to any such action."

and certain decisions which construe this language as prohibiting the type of joinder here sought.

We are satisfied that the individual co-employes should not be joined. Evancho v. United States Steel Corporation, 32 F.R.D. 227 (E.D.Pa.1962). To do so would unduly cumber the litigation; this much was virtually conceded at argument.

With respect to the local union, counsel for the defendant have advanced some interesting arguments based upon the recent amendments to Rule 19. It is pointed out that such labels as, "proper" "necessary" and "indispensable" parties have been eliminated, and that the amended rule encourages a pragmatic approach in determining whether the absence of a particular entity should result in dismissal of the action. But, cf. Provident Tradesmens Bank and Trust Company v. Lumbermens Mutual Casualty Company, 365 F.2d 802 (3d Cir. 1966). Whether these rule changes were intended to, or could, affect the meaning of the words "necessary party respondent" in the statute under consideration is perhaps debatable. Indeed, it is not entirely clear whether these words were ever intended to be construed technically, as words of art. There is ample authority, ante-dating the 1966 changes in Rule 19, to justify the conclusion that Congress meant only that no one except the employer was an indispensable party in this kind of litigation.

Thus, it has been expressly held that all of the Federal procedural rules are available to litigants in these returning-veteran cases, including specifically Rules 19, 20, 21, 22, 23 and 24. Brotherhood of Locomotive Firemen and Enginemen, et al. v. United States ex rel. Deavers, 183 F.2d 65 (5th Cir. 1950).

Intervention by labor organizations in this kind of case has been permitted in numerous decisions, including several in this circuit. E. g., Oakley v. Louisville & N. R. Co., 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87 (1949); Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 278, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946); Di Maggio v. Elastic Stop Nut Corp., 162 F.2d 546 (3d Cir. 1947); Koury v. Elastic Stop Nut Corp., 162 F.2d 544 (3d Cir. 1947). See also, Witty v. Louisville & Nashville R. R. Co., 342 F.2d 614 (7th Cir. 1965).

There is authority for permitting the defendant-employer to implead the union: Payne v. Wright Aeronautical Corp., 162 F.2d 549 (3d Cir. 1947); Conner v. Pennsylvania R. R. Co., 85 U.S. App.D.C. 223, 177 F.2d 854 (1949) In this connection, it should be noted that a returning veteran is bound by collective-bargaining agreements entered into during his military absence, so long as they

**430**

do not discriminate against veterans. Gauweiler v. Elastic Stop Nut Corp., 162 F.2d 448 (3d Cir. 1947).

■ But we know of no basis for permitting a defendant in any case to use Rule 19 to compel joinder of other defendants. The most that a defendant can accomplish by invoking Rule 19 is to obtain an order dismissing the complaint if plaintiff fails to join additional parties. Humphrey v. Stanolind Oil & Gas Co., 232 F.2d 925 (5th Cir. 1956). And under any possible view of the statute here involved, such a result is prohibited in this kind of case.

■ To put it another way, the Court does not have discretion under Rule 19 to add or dispense with parties to the litigation; the discretion comes into play only after it has been determined that additional entities should be parties and are beyond the jurisdiction, and the question then arises whether plaintiff should be permitted to proceed in the absence of these entities. Since the statute makes it clear that a veteran cannot be precluded from litigating his seniority status because of the absence of parties other than the employer, we have no such discretion in this case.

■ We express no opinion as to whether there are other methods available to the defendant to achieve the seemingly desirable result of avoiding multiple litigation and possible multiple exposure. Cf. Brotherhood of Locomotive Firemen and Enginemen v. United States ex rel. Deavers, supra. While a court may add parties on its own motion under Rule 21 Fed.R.Civ.P., the record in its present state does not warrant such action in this case.

### ORDER

And now, this 14th day of February, 1967, the motion of the defendant to join additional parties under Fed.R.Civ.P. 19 is denied.