**KNAPP et al. v. HANKINS.**

**Civ. No. 2304.**

United States District Court
E. D. Illinois.
July 22, 1952.

44

Arthur F. Melvin, R. W. Harris, Marion, Ill., for plaintiff.

David A. Warford, Marion, Ill., for defendant in opposition to motion to intervene.

A. R. Cagle, Marion, Ill., Robert L. Brody, Chicago, Ill., Wham & Wham, Centralia, Ill., for Highway Mut. Casualty Co., intervening petitioner.

PLATT, District Judge.

This suit is brought to the attention of the court at this time by the reason that the Highway Mutual Casualty Company, hereinafter called the "Company", has filed a motion for leave to intervene and to file a petition seeking a declaratory judgment. The essential alleged facts are set forth in the pleadings, motion, and petition. Plaintiff Harry J. Knapp, Jr., on January 9, 1952 filed a complaint under the Illinois

Dram Shop Act, 43 Ill.Rev.Stat. Sec. 135, alleging that on March 15, 1950 he was injured as a result of being struck by a car driven by one Paul Jolly; that Jolly drove his car negligently as a result of being intoxicated; and that the intoxication was caused in whole or in part by a gift or sale of alcoholic liquor to him by the defendant Hankins. The wife and two daughters of plaintiff also joined in the suit of plaintiff to recover for loss of support. The Company had issued an Illinois liquor liability policy covering the defendant. After defendant was served with summons, he delivered it to the Company on about January 12, 1952. The Company alleges that this was the first information the Company had of the incident. The Company assigned counsel to defend as it is required to do under the policy.[1] Answer was filed to the complaint, and on March 19, 1952 a deposition of the defendant was taken. He allegedly testified that on the evening of March 15, 1950 he sold numerous bottles of beer to Jolly, who became intoxicated, and that the next morning he learned of the occurrence which was the basis of the suit. The Company claims that the delay in notifying the Company of these facts prejudiced the Company in the defense of the suit and violated a condition of the policy.[2] It asserts that the policy is null and void and that it was not obligated to defend the suit or to pay any judgment that might be obtained therein, as provided by the policy.[3] Defendant Hankins has disputed the breach. Therefore the Company seeks to intervene and asks the court to declare the rights and obligations of the parties. A copy of the policy is attached to the petition to intervene.

At the beginning of a discussion of this case, assuming the allegations to be true, it must be determined whether the Company is entitled to a declaratory judgment, as provided in 28 U.S.C.A. § 2201.[4] The plaintiffs and defendant object that no diversity of citizenship is alleged in the petition to intervene and that therefore the court does not have jurisdiction. The objection is not sound. Where the court has acquired jurisdiction, the intervention of parties who do not possess diversity of citizenship will not oust jurisdiction under the theory that intervention is ancillary to the main proceedings, and this has been considered rightly so insofar as an absolute right of intervention is being asserted. 7 Cyc.Fed.Proc., 3d Ed., Sec. 24.29, p. 31, and cases cited therein; Virginia Electric & Power Co. v. Carolina Peanut Co., 4 Cir., 186 F.2d 816; Golconda Petroleum Corp. v. Petrol Corp., D.C., 46 F.Supp. 23.

1. "Insuring Clause B—Service

"To investigate all reported accidents or occurrences covered hereby; to defend for the Insured any suits, * * * brought against the Insured to recover damages for which indemnity is payable under this Policy, * * * to pay, irrespective of the limits of liability hereinafter mentioned, all expense incurred by the Company for investigation or defense * * *."

2. "This insurance is subject to the following conditions and failure on the part of the Insured to comply with any of said conditions shall forfeit the right of the Insured or of any judgment creditor of the Insured to recovery hereunder."

"1. Notice, Claims and Suits. The Insured shall give to the Company or to its authorized agent immediate written notice of any accident or occurrence covered hereby and shall also give like notice of claims for damages on account of such accidents or occurrences."

3. "Insuring Clause A—Liability

"To insure the herein named Insured against loss which the Insured shall by reason of Sections 14 and 15 of Article VI of an act of the General Assembly of the State of Illinois entitled 'An Act relating to alcoholic liquors' in force on February 1, 1934, and all laws amendatory thereof, become legally liable to pay to any person or persons on account of bodily injuries, * * * or injury to the means of support of any person or persons or for damage to any property, provided such liability arises during the Policy Period * * *."

4. "In a case of actual controversy within its jurisdiction * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree * * *."

■ It is also contended that no actual controversy exits, as required by the declaratory judgment act. Defendant in his brief has cited in support thereof American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478, and Indemnity Ins. Co. of North America v. Kellas, 1 Cir., 173 F.2d 120. In neither of these cases did the dispute arise between an insurance company and the insured as to whether the insurance company was required to defend a lawsuit, as in the instant case. The courts have taken jurisdiction and given a declaratory judgment in suits to declare the rights of the insured and the insurance company, where there is an actual controversy on the validity of the policy. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Builders & Manufacturers Mut. Cas. Co. v. Paquette, D.C., 21 F.Supp. 858; Commercial Cas. Ins. Co. v. Humphrey, D.C., 13 F.Supp. 174. See Metropolitan Casualty Ins. Co. v. Miller, 7 Cir., 188 F.2d 702; Maryland Casualty Co. v. Texas Co., 8 Cir., 114 F.2d 952; New Century Casualty Co. v. Chase, D.C., 39 F.Supp. 768; Glens Falls Indemnity Co. v. Brazen, D.C., 27 F.Supp. 582. The Illinois law requires that notice be given by the insured to the company where facts have developed such as would suggest to a person of ordinary and reasonable prudence that liability might arise. Star Transfer Co. v. Underwriters, 323 Ill.App. 90, 93, 55 N.E. 2d 109. The facts alleged by the Company do create an actual controversy as to whether the policy required the insurance company to defend the lawsuit, if the facts known to the defendant Hankins would suggest to a person of ordinary and reasonable prudence that a suit for damages might be brought by the plaintiffs under the circumstances.

■ The next contention is that the Company does not qualify to intervene under Par. (a) of Rule 24, 28 U.S.C.A., which reads in part as follows:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *."

It is maintained that the Company's application to intervene was filed too late. The facts show that the suit between the plaintiffs and the defendant has been continued to the October Term of this court. The motion and petition were filed June 12, 1952. The Company alleges that the first information which it had of the alleged breach was March 19, 1952. In Simms v. Andrews, 10 Cir., 118 F.2d 803, at page 806, the court said:

"The rule is silent as to what constitutes timely application and the question must therefore be answered in each case by the exercise of sound discretion by the trial court."

In the judgment of this court the Company's application to intervene under the circumstances was timely. See Innis Speiden & Co. v. Food Machinery Corp., D.C., 2 F.R.D. 261; cf. Pure Oil Co. v. Ross, 7 Cir., 170 F.2d 651.

■ It cannot be questioned that if the policy is valid the Company is obligated to pay and will be bound by any judgment that might be obtained in the plaintiffs' action against defendant.[5] The Company is in a very precarious position. If it does not employ counsel to defend and the policy is found to be valid, the Company thereby breaches the terms of its policy. If the Company, having knowledge of the alleged breach, employs counsel and defends the suit without first obtaining a nonwaiver agreement, it thereby waives the breach and becomes compelled to pay the judgment. Scott v. Inter-Insurance Exchange, 352 Ill. 572, 186 N.E. 176. Plaintiffs argue that the Company has not attempted to obtain a nonwaiver agreement and make a defense under a reservation of rights. The court cannot see why the Company should be required to expend the money for a defense if the policy is void and in any event it has not been shown that such an agreement could be obtained from defendant. This argument is beside the point. The

5. See provision of Policy, footnote 3.

Company should not be forced to choose between not defending and waiving its rights by employing its own counsel before it has an adjudication of the validity of the contract of insurance. See Builders & Manufacturers Mut. Cas. Co. v. Paquette, supra, 21 F.Supp. at page 865.

It is argued that the Company may sit idly by and let the defendant employ counsel of his own choosing to defend the action. Under the terms of the policy defendant is obligated only to cooperate with the Company in defense of the suit. It would be unfair to require defendant to defend the case at his own expense if the policy is valid, even though he might subsequently recover such expenses from the Company; it would be equally unfair to require the Company to defend Hankins if the policy is void. It is also argued that the Company will be able to make a proper defense with counsel employed by defendant. Considering the statement allegedly made by defendant in his deposition, this argument is hardly justifiable. If there is liability under the policy, the Company has both the duty and the right to litigate the amount of damages. Inasmuch as the Company's liability limit on the policy is $15,000 for personal injury and $15,000 for loss of support the Company is vitally interested in the amount of the damages.

It has been held that an indemnitor may intervene in an action against the principal debtor. Thus, in U. S. v. C. M. Lane Lifeboat Co., D.C., 25 F.Supp. 410, affirmed 2 Cir., 118 F.2d 793, the United States brought suit against a manufacturing company and an insurance company supplying it with a performance bond, to recover damages which the government was compelled to pay because of an infringement of patent by the manufacturer. The president of the manufacturing company had bound himself individually to indemnify the insurance company. He filed a motion and a petition to intervene and it was allowed.[6] The court said, at page 411 of 25 F.Supp.:

"It is clear that any judgment rendered against the insurance company would enable the insurance company to proceed against its indemnitors. It is difficult to see what the defense to such an action would be except collusion or fraud or failure to exercise due diligence in the trial of the action in which the insurance company suffers a judgment to be obtained against it. The petitioner certainly has a vital interest in the outcome of this case even though he is not a party to it. It is no answer to assert that he could not have been made a party defendant by the plaintiff. Concededly the plaintiff has no right of action against the petitioner. On the other hand the rule in question, like all of the rules of civil procedure, should be liberally interpreted. The provision quoted [Rule 24(a)(2)] would seem to apply in this case, for a judgment against the insurance company, though it would not directly bind the petitioner, would, in the last analysis, do so indirectly. Then too, there is something to be said as to the adequacy of the representation of his interest. He says that he is not on friendly terms with the attorney who in effect is representing his interest."

Surely in the instant case the Company has a better reason to employ counsel of its own choice to represent the defendant.

Lastly, the plaintiffs and the defendant contend that the intervention by the Company will introduce new issues in the controversy between plaintiffs and defendant and that the plaintiffs are not interested in the controversy between the Company and the defendant. It must be observed that Rule 24, Federal Rules of Civil Procedure, must be liberally construed. Tatum v. Cardillo, D.C., 11 F.R.D. 585. Furthermore, Rule 1, Scope of rules, reads: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 24(a)(2) is a different type of intervention than where a res is involved in the original suit and is allowed on a different theory. See Commentaries, par. 2, 28 U.S.C.A., Rule

---

6. Compare U. S., to Use and for Benefit of Foster Wheeler Corp. v. American Surety Co., 2 Cir., 142 F.2d 726, where a principal was permitted to intervene in a suit against its surety.

24, p. 131. See also U. S. v. C. M. Lane Lifeboat Co. and U. S. v. American Surety Co., supra.

The objectors have cited a number of cases, none of them factually similar to the instant case, in support of their position. For the sake of brevity the court will not comment thereon. The allowance of intervention in the suit will not change the issues between the plaintiffs and defendant one iota, but before these issues are tried the Company and the defendant will be permitted to determine the validity of the policy. A separate trial will no doubt be had on the issues raised by the intervening petition. Rule 42(b), Federal Rules of Civil Procedure.

▆▆▆ The contention that the plaintiffs are not interested in any obligation of the Company to pay any judgment that they may obtain is certainly not sound from a practical standpoint. The Company might have filed in the proper court a separate and distinct action to obtain a declaratory judgment on the validity of the policy, making plaintiffs and defendant parties thereto, as was done in Builders & Manufacturers Mut. Cas. Co. v. Paquette, supra, and restraining defendant from proceeding with this action. See U. S. Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Metropolitan Casualty Ins. Co. v. Miller, supra; Commercial Cas. Ins. Co. v. Humphrey, supra. Since plaintiffs could be made parties defendant in such an action and could oppose the cancellation of the policy, they are interested parties in the controversy between the Company and the defendant herein. Furthermore, it has been held that an insured defendant can bring in, as a third party defendant, an insurance company which disputes the validity of his policy and its duty to defend the action despite the plaintiff's objections. Rule 14, Federal Rules of Civil Procedure; Jordan v. Stephens, D.C., 7 F.R.D. 140; cf. A B & C Motor Transp. Co. v. Moger, D.C., 10 F. R.D. 613; Pucheu v. National Sur. Corp., D.C., 87 F.Supp. 558. Since the defendant in the instant case could have made the Company a third party defendant, it would be an injustice to not permit the Company to intervene in this action. The Federal Rules of Civil Procedure were adopted to permit simple methods of pleading and the consolidation of litigation in one suit.

Interpreting the Rules of Civil Procedure liberally to secure a just, speedy and inexpensive determination of each action, and in the light of the foregoing discussion, Rule 24(a)(2) must be construed to permit the Company to intervene. Construing Rule 24(a)(2) liberally, in order that justice may be obtained by all the parties concerned and that the suit between plaintiffs and defendant may be concluded without undue delay, the court is of the opinion that the motion to intervene must be allowed. Appropriate order may be submitted.