**Deanna F. CAMPBELL, Plaintiff,**

v.

**Christopher S. PLANK, Defendant,**

**American Family Insurance Company, Applicant for Intervention.**

**Civ. A. No. 89–1487–T.**

United States District Court, D. Kansas.

Nov. 26, 1990.

David P. Calvert, Focht, Hughey, Hund & Calvert, Wichita, Kan., for plaintiff.

David L. Dahl, Kassebaum & Johnson, Wichita, Kan., for defendant.

Ron C. Campbell, David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for intervenor-defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the motion of American Family Insurance Company ("American") to intervene, pursuant to Fed.R.Civ.P. 24(a). The action involves an automobile accident between a vehicle driven by plaintiff's daughter and defendant. Plaintiff was a passenger in the vehicle driven by her daughter and sustained certain injuries in the accident. American insures both parties to this action. Defendant is insured under a policy issued to his mother with policy limits of $25,000 per person. The policy issued to plaintiff includes underinsured motorist protection providing coverage up to $100,-

000 less the amount paid by the underinsured tortfeasor or his liability insurer.

Plaintiff and defendant have entered into an agreement stylized: "SETTLEMENT AGREEMENT/LIMITED COVENANT NOT TO LEVY EXECUTION (NOT A RELEASE)." The agreement provides, *inter alia*, that defendant will not oppose the entry of a judgment against him. Plaintiff has agreed to dismiss her claim for punitive damages, and has also agreed never to garnish defendant personally or to execute against defendant on any judgment arising from the accident. In addition, plaintiff has agreed that any recovery shall be limited to the proceeds obtained from any insurance policy or to any claims against any insurance company for the wrongful failure of the insurance company to settle in good faith. Finally, defendant has agreed to fully assist plaintiff in the collection of any insurance proceeds or in the prosecution of any claims against any insurance company based on the insurance company's failure to settle in good faith. As a result of this agreement, American has instructed defendant's counsel, Mr. Dahl, to do no further work in the case and to withdraw as counsel for defendant.

■ American alleges that this is a collusive agreement entitling it to intervention as a matter of right. Fed.R.Civ.P. 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

An applicant for intervention must show not only that he has an interest in the property or transaction, but also that the representation of his interest may be inadequate. *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir.1986). The burden of showing inadequate representation, however, is minimal, and requires only a demonstration that representation "may" be inadequate. *Sanguine Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir.1984).

American satisfies both aspects of its burden. It is obvious that American has a financial interest in the outcome of this case. Likewise, the agreement between plaintiff and defendant demonstrates that defendant has little, if any, incentive to present a vigorous, adversarial defense. Plaintiff's objections to intervention by American are meritless. The agreement was only recently executed by plaintiff and defendant, and American had no reason to seek intervention before it became aware of this agreement. The application is therefore timely. It is also of no significance that defendant's counsel, Mr. Dahl, has moved for permission to withdraw only because American has instructed him to do so. It was not American's termination of Mr. Dahl's services, but rather the agreement between plaintiff and defendant that gave rise to the inadequate representation of American's interests. Plaintiff has presented nothing to suggest that American is responsible for the absence of an adequate representation of its interests.

■ American has also demanded a jury trial, contrary to the desire of plaintiff and defendant. Under the federal rules, "there is no longer any procedural obstacle to the assertion of legal rights before juries, however the party may have acquired standing to assert those rights." *Ross v. Bernard*, 396 U.S. 531, 542, 90 S.Ct. 733, 740, 24 L.Ed.2d 729 (1970). Thus, "when intervention is permitted generally, the intervenor has a right to a jury trial on any legal issues he presents." *Id.* at n. 15; *see also* 7C C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1920, at 488 (1986). American Family's demand for a jury trial must therefore be honored.

IT IS BY THE COURT THEREFORE ORDERED that American Family's application to intervene (Dkt. 24) be granted.

IT IS FURTHER ORDERED that David L. Dahl's motion to withdraw as counsel (Dkt. 31) be granted.