Aureo Rivera DAVILA and Aureo E. Rivera, Plaintiffs,

v.

David F. ARLASKY and John L. Mulkerin, Defendants.

INTERNATIONAL INSURANCE COMPANY, a corporation; United States Fire Insurance Company, a corporation; and the North River Insurance Company, a corporation, Intervenors–Petitioners,

v.

David F. ARLASKY, John L. Mulkerin, Aureo Rivera Davila and Aureo E. Rivera, Respondents.

No. 90 C 6600.

United States District Court, N.D. Illinois, E.D.

Sept. 19, 1991.

On Motion to Reconsider Nov. 7, 1991.

Harry Anduze Montano, Pia Gallagos, Hato Rey, P.R., Michael L. Blumenthal, Milton M. Blumenthal and Associates, Chicago, Ill., for plaintiffs.

Louis A. Varchetto, Wylie, Mulherin, Rehfeldt & Varchetto, Wheaton, Ill., for defendants.

Larry S. Kaplan, Lawrence S. Gosewisch, Adler Kaplan & Begy, Chicago, Ill., for intervenor Great Southwest.

William E. Spizzirri, Kathleen A. Johnson, Kralovec, Marquard, Doyle & Gibbons Chtd., Chicago, Ill., for all other intervenors.

## MEMORANDUM OPINION AND ORDER

WILL, District Judge.

### FACTS

The Riveras brought suit against David Arlasky and John Mulkerin, the officers and major shareholders of Chapman Industries, for patent infringement and inducement to infringe. The Riveras had already obtained a default judgment for patent infringement against Chapman. Three insurance companies, International Insurance Company, U.S. Fire Insurance Company, and North River Insurance Company ("the Insurers"), which had covered Chapman Industries with identical policies at different times during the relevant periods, have moved to intervene as of right under Fed. R.Civ.P. 24(a).

■ Arlasky and Mulkerin tendered the defense of the patent suit to their insurance companies; the Insurers refused on the grounds that the suit was outside the coverage of their policies. The Insurers put forth several arguments to show the policies do not cover the Riveras' claims. Among those reasons are that Arlasky and Mulkerin fall within exclusions of the policies based on willful or deliberate acts, and willful violations of a penal statute. The Insurers want to intervene and obtain a declaratory judgment that they have no obligation to defend Arlasky and Mulkerin or to indemnify them for any judgment entered against them. The other parties do not object to the intervention. However, consent of parties does not entitle one to intervention as a matter of right. *Wade v. Goldschmidt*, 673 F.2d 182 (7th Cir.1982).

### DISCUSSION

■ In order for the Insurers to be allowed to intervene as of right, they must meet four requirements:

(1) the motion must be timely; (2) the proposed intervenor must claim an interest relating to the property or transaction at issue; (3) the disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; (4) that interest is not adequately represented by existing parties.

*American Nat. Bank & Trust Co. v. Chicago*, 865 F.2d 144, 146 (7th Cir.1989). Furthermore,

Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. [citation omitted]

*Commodity Futures Trading Comm'n v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384 (7th Cir.1984).

The Insurers' petition was timely, the key question is whether they have an interest that may be impaired. There is no set definition of what qualifies as an "interest" under Rule 24(a), but it must be "direct and substantial." *Lake Investors Dev. Group Inc. v. Egidi Dev. Group*, 715 F.2d 1256 (7th Cir.1983). Some courts have described insufficiently substantial interests as "contingent," and have not allowed intervention. Other courts have held a "contingent" interest can support intervention as of right if it is not too remote.

The Seventh Circuit has not taken a clear position on this point. In *Air Lines Stewards & Stewardesses Ass'n v. American Airlines, Inc.*, 455 F.2d 101 (7th Cir.1972), intervention as of right by the EEOC was rejected. The court concluded that "the Commission's legitimate interest ... is contingent and not direct, as required by Rule 24(a)(2)." *Air Lines Stewards*, 455 F.2d at 105. However, this case turned on an interpretation of the statutory powers of the EEOC. The court found that the EEOC only had statutory authority to act in private litigation under Title VII if the defendant had failed to comply with a court decree. Since there was as yet no decree for the defendant to have violated, the EEOC could not intervene. *Air Lines Stewards* was quoted for a definition of interest in *Heyman v. Exchange Nat. Bank*, 615 F.2d 1190, 1193 (7th Cir.1980), but the remoteness of an interest was not at issue there.

Some circuits have flatly denied intervention when there is any contingency. *See Restor–A–Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2d Cir.1984) (insurer denied intervention to submit interrogatories to the jury—allocation of damages was only relevant if insurer prevailed in separate litigation over coverage); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir.1989) (insurer's interest in minimizing any verdict for the plaintiff was contingent upon a ruling in separate proceedings that the policy did cover such damages). In both these cases the Insurers' interests existed only if two things occurred: the plaintiffs were successful in the underlying suit, and the insurer was successful in contesting coverage in later proceedings.

Other courts have held that intervention should be allowed when interests are contingent upon the outcome of the litigation. *See S.E.C. v. Flight Transport Corp.*, 699 F.2d 943 (8th Cir.1983); *Nat. Union Fire Ins. Co. v. Continental Illinois Corp.*, 113 F.R.D. 532 (N.D.Ill.1986) (intervention denied on other grounds); *Midwest Dental Products Corp. v. Kinetic Instruments, Inc.*, 1990 U.S. Dist. LEXIS 11487, *8 (N.D.Ill.1990); *Folkstone Maritime Ltd. v.*

*CSX Corp.*, 1989 WL 165059, *4, 1989 U.S. Dist. LEXIS 15638, *11 (N.D.Ill.1989) (some contingency allowable, intervention denied because too remote here).

A brief review of these cases shows that the word "contingent" is often used as a proxy for evaluating the importance of the interest and the likelihood that it could be impaired; thus, a close examination of the facts is more helpful to determine whether there is a sufficient interest for 24(a) intervention than categorizing is.

Insurers who have paid claims have long been allowed to intervene in suits by their insured against the person who caused the insured's injury. The justification was that the insurer would have a right of subrogation in whatever proceeds the plaintiff recovered and should be allowed to intervene to protect that interest. *See, e.g., Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781 (8th Cir.1985); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir.1970); *Black v. Texas Employers Insurance Asso.*, 326 F.2d 603 (10th Cir.1964); *Greene v. Verven*, 203 F.Supp. 607 (D.Conn.1962); *Sloan v. Appalachian Electric Power Co.*, 27 F.Supp. 108 (D.W.Va.1939); *Harris v. General Coach Works*, 37 F.R.D. 343 (E.D.Mich.1964); *Johnson v. Standard Oil Co.*, 30 F.R.D. 329 (D.Alaska 1962). And *Virginia Electric & Power Co. v. Carolina Peanut Co.*, 186 F.2d 816 (4th Cir.1951) held that it was "elementary" that an insurer would be allowed to intervene to protect its subrogation interest. *But see, St. Paul Fire & Marine Ins. Co. v. Helena Marine Service, Inc.*, 884 F.2d 391 (8th Cir.1989) (there was adequate representation by insured), *cert. denied*, 494 U.S. 1004, 110 S.Ct. 1298, 108 L.Ed.2d 475 (1990); *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271 (3rd Cir. 1980) (same). The insurers have been allowed to intervene in these cases even though their subrogation interest is contingent upon the plaintiff recovering in the suit.

On the other hand, in the few cases where the insurer is defending a suit on behalf of its insured (with a reservation of rights), but wants to intervene as a party to submit interrogatories to the jury, they

have been denied intervention. *Restor–A–Dent, supra,* (interest is contingent), *Travelers Indemnity, supra,* (interest is contingent), *Fidelity Bankers Life Ins. Co. v. Wedco, Inc.,* 102 F.R.D. 41 (D.Nev.1984) (no impairment). Cases such as this one, where the insurer is not defending the insured and wants to intervene, are less common. In *Plough, Inc. v. International Flavors and Fragrances, Inc.,* 96 F.R.D. 136 (W.D.Tenn.1982), the insurer refused to defend except under a reservation of rights, the insured decided to defend itself, and the insurer tried to intervene after its separate declaratory judgment action was stayed. The court stated conclusorily that the insurer was "without [a] meritorious claim under Rule 24(a)," and only discussed permissive intervention, which was then allowed.

There are three cases with facts virtually identical to this case: an insured is sued, tenders defense to his insurer which contests both coverage and the duty to defend, and then the insurer wants to intervene in the underlying suit for a determination of these issues. *Knapp v. Hankins,* 106 F.Supp. 43 (D.C.Ill.1952) (intervention allowed); *Evans Food Products Co. v. Jose Angel Garza B,* Slip Op. No. 83 C 1017, Aug. 12, 1985, 1985 WL 2285 (N.D.Ill.) (intervention denied); *Lent v. Hitachi Zosen Clearing, Inc.,* 1989 WL 152285, 1989 U.S. Dist. LEXIS 13196 (N.D.Ill.1989) (intervention denied).

The first question is whether the insurance company has a sufficient interest under Rule 24(a). In this case, the Insurers' interest is in determining whether they have a duty to defend this suit, and whether they must cover any damages. The court in *Knapp* held that:

> The Company should not be forced to choose between not defending and waiving its rights by employing its own counsel before it has an adjudication of the validity of the contract of insurance. *Knapp,* 106 F.Supp. at 47.

In *Evans Food,* the court found the situation was analogous to *Restor–A–Dent, supra,* and therefore denied intervention, holding the interest was too indirect. The situation is not quite the same however, since in *Restor–A–Dent* the insurer was defending the suit, and in these cases the duty to do so is contested. The court in *Lent* noted that "potential impairment of the insurer's rights is easy to envision. This is because of the consequences of a wrongful refusal to defend the suit." *Lent,* 1989 WL 152285 at *2, 1989 U.S. Dist. LEXIS 13196 at *6. In fact, even the *Restor–A–Dent* court distinguished *Knapp* from the facts in their case, because the refusal to defend was at issue as well as coverage. *Restor–A–Dent,* 725 F.2d at 876 n. 4.

*Lent* delves into Illinois insurance law and explains why the insurance companies do have an interest, but it will not be impaired by denying intervention. While Illinois law does not control standards of federal intervention, it does help define the interests at stake, and determine the potential for impairment of the Insurers' interests. The interest of the Insurers is made clear by *Village Management, Inc. v. Hartford Accident & Indem. Co.,* 662 F.Supp. 1366 (N.D.Ill.1987). Under Illinois law an insurer cannot refuse to defend "[u]nless the allegations of a lawsuit against an insured clearly show a claim is beyond the policy coverage." *Village Management,* 662 F.Supp. at 1372. They must defend even in cases in which they are not ultimately found liable to cover under the policy. Wrongful refusal to defend estops the insurer from raising non-coverage defenses in later proceedings. *Id.,* at 1372, *Lent,* 1989 WL 152285 at *2, 1989 U.S. Dist. LEXIS 13196 at *5.

If the Insurers' refusal to defend is found to have been wrongful, they will be forced to cover any damages awarded to the plaintiffs, because they will be estopped from raising non-coverage defenses. If the Insurers were to defend under reservation of rights, then they would be forced to pay attorneys' fees that they may not be liable for under the policy. If they defend without a reservation of rights they waive policy defenses and cannot contest coverage. Thus, the Insurers do have an interest.

The interest, however, must be one that will be impaired by denial of intervention in order for the requirements of Rule 24(a) to be met. Ordinarily, the Insurers could protect their interests by bringing a declaratory judgment action against Arlasky and Mulkerin to resolve the coverage issues before the underlying suit is tried. In order to ensure that the declaratory judgment on coverage is decided before the underlying suit, insurers have been allowed to intervene in the underlying suit. *See, Knapp v. Hankins, supra.* But if the Insurers' coverage dispute could be resolved in a separate declaratory judgment action before trial, their interests would not be impaired by a denial of intervention in the underlying case.

This case is somewhat different, however: it is of a type in which Illinois insurance law would not allow the coverage issue to be decided before disposition of the underlying dispute, because an overlap between the basis for denying coverage and the basis for liability could mean that the plaintiffs would be precluded from litigating an issue in their own lawsuit.

> Illinois courts have held that, where coverage turns on one of the ultimate facts on which recovery in the personal injury suit is predicated, trial in the main case must precede the declaratory judgment action. *Maryland Casualty Co. v. Peppers,* 64 Ill.2d 187, 197, 355 N.E.2d 24, 30 (1976); *Thornton v. Paul,* 74 Ill.2d 132, 156–159 [23 Ill.Dec. 541, 551–56], 384 N.E.2d 335, 345–46 (1978).

*Lent,* 1989 WL 152285 at *3, 1989 U.S. Dist. LEXIS 13196 at *7.

The coverage issue in this case turns in part on some of the ultimate facts on which the underlying suit is based. The Insurers contend that to the extent Arlasky and Mulkerin acted deliberately and in violation of penal statutes by inducing or committing patent infringement, the acts were outside the coverage of the insurance policy. The Insurers had additional reasons for denying coverage that do not go to the ultimate facts of the Riveras' suit, but as long as there is some overlap with the Riveras' claims (i.e. claims of willful action

by the defendants), a conflict exists between the insurers who would be just as happy to see willful conduct proved, and the insured, who wants any liability to be covered by the policy. In this situation, the Insurers cannot obtain a decision on the coverage issues until after the trial in the underlying suit.

The Insurers' interest will not be impaired by their inability to obtain a declaratory judgment before trial of the Riveras' suit because they will *not* be estopped from raising noncoverage defenses in later proceedings, as they ordinarily would be. When a conflict of interest has prevented an insurer from obtaining a declaratory judgment on coverage before the trial of the underlying dispute, the insurer can raise its noncoverage defenses in later proceedings. *Lent,* 1989 WL 152285 at *4, 1989 U.S. Dist. LEXIS 13196 at *11, citing *Thornton.* The Insurers will also be allowed to raise the noncoverage defenses that do not turn on the ultimate facts of the underlying case in any later proceedings—otherwise they would have to try to bring one declaratory judgment action before the Riveras' suit went to trial and another declaratory judgment action afterwards. *Village Management,* 662 F.Supp. at 1373–4.

Since the Insurers may not obtain a declaratory judgment on coverage until after the underlying dispute is settled; and since this will not prejudice their defense in a dispute over coverage, there is no impairment of their interest if they are not allowed to intervene in this case. Since their declaratory judgment must be settled after the underlying case anyway, there is no impairment to their interest in also requiring them to bring a separate action. The only other interest—that of minimizing the judgment against Arlasky and Mulkerin in case the Insurers do end up liable is adequately represented by Arlasky and Mulkerin who have an incentive to minimize any liability since they know that they may end up paying it themselves. *Evans Food.* Thus, the Insurers interests will either be unimpaired or adequately represented. Accordingly, they do not meet the require-

ments for intervention as of right under Rule 24(a).

■ We must then consider whether the Insurers should be permitted permissive intervention under Rule 24(b). Permissive intervention may be allowed at the discretion of the trial court when "an applicant's claim or defense and the main action have a question of law or fact in common." Federal courts do not have ancillary jurisdiction over the permissive intervenor's claims as they do with intervention as of right. *National Union Fire Insurance Co. v. Continental Illinois Corp.*, 113 F.R.D. 532, 538 (N.D.Ill.1986). In order to be allowed permissive intervention the Insurers must establish an independent basis for subject matter jurisdiction. Their petition shows that there is no diversity in this case, and they have not asserted that any federal question is raised in interpreting these insurance contracts. With no basis for subject matter jurisdiction, permissive intervention will be denied. *Lent*, 1989 WL 152285 at *4, 1989 U.S. Dist. LEXIS 13196 at *12.

For these reasons, the motion of the Insurers to intervene is denied.

## ON MOTION TO RECONSIDER

International Insurance Co., US Fire Insurance Co., North River Insurance Co., and Great Southwest Fire Insurance Co. have moved for reconsideration of the orders denying their motions to intervene. An additional insurer, Home Insurance Co. has moved to intervene. For the reasons given in the initial decision and in this denial of reconsideration, Home Insurance Co.'s motion to intervene is denied. The facts of this case are set forth in the original order of September 19, 1991.

The primary basis of the Insurers' argument was that some of their reasons for denying coverage do not require resolving ultimate questions of the underlying case. While that would avoid the problem if it were certain that the Insurers would win on those arguments, we must consider that the Insurers may lose on their first argument, and fall back on other exclusions to the policies which do involve ultimate ques-

tions of the underlying case. As indicated at page 10 of the original opinion, when there are some bases for denying coverage which go to ultimate questions, and some which do not, all of the coverage questions should be tried together after the underlying suit is decided. *Village Management, Inc. v. Hartford Acc. & Indem.*, 662 F.Supp. 1366, 1373–4 (N.D.Ill.1987).

Specifically, the Insurers contend that this patent infringement suit is not covered by their policies for several reasons, including: 1) it is not within the definition of property damage or personal injury covered; 2) the act of infringement is not within the definition of occurrences covered; 3) the actions were willful or malicious and therefore not covered; 4) the actions were a wilful violation of a penal statute and therefore not covered; 5) the insurer was not notified soon enough and therefore coverage is lost. While the first and probably second arguments could be decided without reaching facts of the underlying suit, there is overlap on the third, fourth and fifth. One of the allegations that plaintiffs are trying to prove in the underlying suit is that defendants acted wilfully. While the meaning of "willful" may not be exactly the same for the purposes of insurance law and patent law, there will clearly be a great deal of overlap. Also, the issue of when the defendants had notice of a claim that they should report to the insurers requires resolution of some of the same factual issues as the defendants' laches defense in the underlying suit, even though the legal questions are quite different. In sum, the parties to the underlying suit must be given the first chance to litigate these facts and issues. The Insurers' coverage questions must be resolved later since they overlap, in part, with the ultimate issues of the underlying case.

Great Southwest also argues that there is no conflict in this case as there was in the cases relied upon (*Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 355 N.E.2d 24 (1976) and *Thornton v. Paul*, 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978)). They distinguish this case by pointing out that they deny liability under any set of

facts alleged by plaintiffs, not just one of two alternate theories. That may be true, but some of their reasons for denying coverage in this case, as in the cases cited, could only be supported by proving disputed facts that are also at issue in the underlying suit. As long as there is this overlap, the parties to the underlying suit must be allowed to try the case on the merits before the insurance companies' coverage questions are resolved. We have considered the additional case cited by insurers, *Masonic Medical Center v. Turegum Insurance*, 168 Ill.App.3d 158, 118 Ill.Dec. 941, 943, 522 N.E.2d 611, 613 (1 Dist.1988), and find that its definition of conflict further supports our decision. ("The test of whether a conflict exists is if, in comparing the allegations of the complaint to the terms of the policy, the insurer's interests would be furthered by providing a less than vigorous defense to the allegations.")

Finally, the Insurers argue that they will be unable to resolve the coverage dispute after the underlying case is tried, because of difficulty in getting jurisdiction over all of the necessary parties, including the plaintiffs from Puerto Rico. However, as *Thornton* made clear, in a case with a conflict such as this, the insurer does not have an obligation to get the coverage dispute resolved in a declaratory judgment action—in fact is barred from doing so in advance of the trial of the underlying case. In *Thornton* the insurer was in a conflict situation, and did not defend the suit. After the underlying suit was resolved with a default judgment, the plaintiff went after the insurer in garnishment proceedings. The Illinois Supreme Court held that the insurer was allowed to raise all of their coverage defenses in the garnishment proceedings, because the conflict prohibited them from resolving the question in a declaratory judgment action beforehand.

For these reasons, the motion of the Insurers for reconsideration and the motion of Home Insurance to intervene are denied.