**CHRYSLER CORPORATION, Plaintiff,**

v.

**HADEN UNIKING CORPORATION,** a/k/a **Uniking Conveyor Corporation, Defendant.**

**INTERNATIONAL INSURANCE COMPANY, Plaintiff–Intervenor,**

v.

**HADEN UNIKING CORPORATION,** a/k/a **Uniking Conveyor Corporation and Chrysler Corporation, Defendants.**

No. 91 C 20326.

United States District Court, N.D. Illinois, Western Division.

Nov. 1, 1994.

Michael K. Havrilesko, Havrilesko & Associates, Rockford, IL, Anthony G. Barone, Susan M. Hyser, Rollinger, Rubbery and Garvey, Chicago, IL, for plaintiff.

Edward M. Maher, Donald Q. Manning, McGreevy, Johnson & Williams, Rockford, IL, for defendant.

---

1. Haden Uniking, in its amended answer, admitted all allegations in Chrysler's second amended, third-party complaint.

## MEMORANDUM OPINION AND ORDER

REINHARD, District Judge.

### INTRODUCTION

International Insurance Company (International) filed a "COMPLAINT IN INTERVENTION" seeking to intervene either as a matter of right, see Fed.R.Civ.P. 24(a)(2), or permissively, see Fed.R.Civ.P. 24(b)(2), in this action brought by Chrysler Corporation (Chrysler) against Haden Uniking Corporation (Haden Uniking). International seeks to intervene as the excess liability insurer of Haden Uniking to "interest liability and/or minimize the damages" against Haden Uniking in this action.

### FACTS

Originally, Bartolo Fresco filed a personal injury action against, among others, Haden Uniking. Haden Uniking, in that suit, filed a third-party complaint against Chrysler, and Chrysler filed a third-party counterclaim against Haden Uniking. The court severed the personal injury action from the third-party actions, and the personal injury action was subsequently resolved by a jury verdict in favor of Fresco.

On October 27, 1993, Chrysler filed a motion for partial summary judgment on its second amended, third-party counterclaim against Haden Uniking. Haden Uniking filed a response to Chrysler's motion for partial summary judgment, and Chrysler filed a reply. On May 17, 1994, however, Chrysler and Haden Uniking made a joint oral motion to stay decision on Chrysler's pending motion for summary judgment until June 8, 1994. On June 7, 1994, Chrysler filed a motion for judgment, and, on June 14, Haden Uniking moved to amend its answer to the second amended, third-party complaint and to withdraw its prior response to Chrysler's motion for partial summary judgment. On June 15, 1994, International filed its intervention "complaint." Also on June 15, the court granted Haden Uniking's motions to withdraw its response and to file an amended answer.[1] The court stayed all other matters pending decision on the motion to intervene.

## CONTENTIONS

International maintains that it should be entitled to intervene under Rule 24(a)(2) as it meets the four requirements necessary for intervention under that provision. Alternatively, it argues that permissive intervention is appropriate here under Rule 24(b)(2) as there are common questions of fact or law between its defense and the defense of Haden Uniking, there is an independent jurisdictional basis under 28 U.S.C. § 1332(a)(1) and no undue delay or prejudice will befall the original parties if intervention is permitted. Chrysler responds that the facts and circumstances of this case support neither mandatory nor permissive intervention.

## DISCUSSION

### I. *Intervention by Right*

Federal Rule of Civil Procedure 24(a)(2) provides:

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a)(2) establishes four criteria, all of which are required for intervention by right. *Shea v. Angulo,* 19 F.3d 343, 346 (7th Cir.1994). A party seeking to intervene must demonstrate each of the following: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. *Id.*

■ As to timeliness, such determination is made by reference to the totality of the circumstances and in light of four factors: (1) the length of time the intervenor knew or should have known of its interest in the case; (2) the prejudice to the original parties caused by the delay; (3) the resulting prejudice to the intervenor if the motion is denied; and (4) any unique circumstances. *Id.* at 348–49. Regarding the impairment factor, such impairment would exist when the decision of a legal question would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding. *Id.* at 347. With respect to the representation element, it is presumed that where the intervenor and the party to a suit have the same goal that the representation is adequate. *Id.* In such a case, the intervenor must demonstrate that a conflict exists between it and the party.

■ While a party seeking intervention by right must establish each of the foregoing elements to prevail under Rule 24(a)(2), the primary focus is clearly on the second factor of the Rule 24(a)(2) test, the nature of the interest sought to be protected by intervention. The present case is somewhat unique in that regard as neither the parties nor this court has identified a case within the Seventh Circuit that is postured precisely like this one. It is not atypical for an insurer to seek intervention for purposes of protecting its interest in policy and coverage issues via a declaratory judgment, *see e.g., Davila v. Arlasky,* 141 F.R.D. 68 (N.D.Ill.1991), however, International does not seek intervention in this case on that basis. Rather, International desires to intervene to "contest liability and/or minimize the damages" against Haden Uniking.[2] No case in the Seventh Circuit addresses intervention in this context.

Nevertheless, the court considers two cases from other circuits to be particularly applicable and persuasive on the issue of International's interest in this case. The first, and the more persuasive, is *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629 (1st Cir.1989). There, the First Circuit identified three potential interests that an insurer might have in seeking to intervene in an action against its insured. The first is in minimizing the insured's liability. *Id.* at 638. The second interest is in establishing that

---

**2.** International does have a declaratory judgment action pending in the United States District Court for the Northern District of Illinois, Eastern Division. That action is presumably for the purpose of resolving any coverage or policy issues.

the claims against the insured are not covered by the policy or that the claims have been waived.[3] *Id.* The third potential interest would be in staying the action against the insured pending resolution of a declaratory judgment action. *Id.*

As to the interest to be protected generally, such interest must be direct, not contingent. *Id.* In this regard, in the second case, *Restor–A–Dent Dental Lab., Inc. v. Certified Alloy Prod., Inc.,* 725 F.2d 871 (2d Cir.1984), an insurance company sought to intervene in an action against its insured for the limited purpose of submitting certain written interrogatories to the jury as to its assessment of damages, if any, against the insured. *Id.* at 873. In discussing the nature of the interest sought to be protected by the insurer, the Second Circuit explained that such an interest must be directed as opposed to remote or contingent. *Id.* at 874. In *Dingwell,* the court found the interest to be contingent, and, hence, insufficient to support intervention by right, because the insurer's interest in the liability phase of the proceeding was contingent on the outcome coverage of the coverage dispute. 884 F.2d at 638. In other words, the insurer would only have liability if it was determined to be contractually obligated under its policy. In *Restor–A–Dent,* the court also found the insurer's interest to be contingent because of the yet-to-be determined outcome of a declaratory judgment as to policy coverage. 725 F.2d at 875. Furthermore, the court considered such interest contingent as it depended upon a determination of liability on the part of its insured. *Id.*

In the present case, the court initially notes it does not consider the contingency as to the insured's (Haden Uniking) liability to apply as that liability is no longer contingent. Haden Uniking has fixed its liability (or at least soon will) via the proposed settlement between itself and Chrysler, removing any contingency in that regard.

On the other hand, International has a declaratory judgment action pending in the Eastern Division of this court. Should International prevail on its presumed claims that it has no coverage obligations to Haden Uniking in these circumstances then Haden Uniking's liability will have no impact upon International's obligations to Haden Uniking under its policy.[4] Thus, as in *Dingwell* and *Restor–A–Dent,* the interest asserted by International here is a contingent one insufficient to invoke intervention by right.[5]

## II. *Permissive Intervention*

■ Permissive intervention arises under Rule 24(b) of the Federal Rules of Civil Procedure. Particular to this case, Rule 24(b) provides in relevant part:

Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

3. This court considers this potential interest to be the one typically embraced by a declaratory judgment action.

4. While the court is unable to find any federal case addressing intervention under these or similar factual circumstances that discusses the insured's interest other than under a contingency interest analysis, the court observes that any interest that such an insured possesses necessarily arises under and is confined by the terms of its insurance policy. It is difficult at best to perceive how such a "contractual" interest gives an insured any right to step into ongoing litigation against an insured and take any active role in that litigation absent some basis for a claim. Of course, if the insurance policy provides for such right, that would be the basis for such interven-

tion. However, in this case, International points to no such policy provision.

5. Because International has failed to demonstrate an interest sufficient under Rule 24(a)(2), the court need not consider the other three elements necessary under that provision. The court also notes that it is unpersuaded by *Campbell v. Plank,* 133 F.R.D. 175 (D.Kan.1990), a case relied on by International. First, the *Plank* decision stated without significant reasoning that the insurer's interest was "obvious." This court does not consider such an interest to be "obvious." Furthermore, in *Plank,* the insurer insured both parties to the underlying action. *Id.* at 175. Consequently, the interest at stake in *Plank* was at least arguably more significant than here.

The court also denies International's motion to intervene by permission for two reasons. First, has not identified how any claim it might bring has a common question of law or fact with the action between Chrysler and Haden Uniking. For example, International has not shown how any claim or defense it might have concerning coverage under the policy would depend in any way upon the resolution of any legal or factual issues arising out of Chrysler's claims against Haden Uniking. Second, at this point in the litigation, when Chrysler and Haden Uniking are on the verge of settlement in a protracted litigation, any intervention by International would unduly prejudice the rights of the parties by disputing the settlement process. As to both parties, such interference might effectively eliminate their chances to effectuate a settlement respectively beneficial to each. Under these circumstances, the court declines, within its discretion, to permit intervention under these circumstances.

### CONCLUSION

For the foregoing reasons, the court denies the motion by International Insurance Company to intervene in this cause.